IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-01270-CNS-KAS

RACHEL O'MEARA,

    Plaintiff,

v.

SKYLINE DESTINATIONS, LLC,

    Defendant.

## ORDER

This matter is before the Court on Plaintiff Rachel O'Meara's Application for Entry of Default and Judgment Against Defendant Skyline Destinations, LLC. ECF No. 13. For the reasons below, the Court GRANTS Plaintiff's motion.

### I.    BACKGROUND[1]

On November 7, 2021, Defendant "solicited" Plaintiff to "invest in a ski resort development project, the Skyline Lodge at Powderhorn . . . Mountain Resort [in] Mesa, Colorado (the 'Powderhorn Project')." ECF No. 13-2, ¶ 3. The parties executed a Promissory Note for the investment on December 6, 2021, and Plaintiff wired Defendant a $200,000 loan on December 7. ECF No. 1-1 at 6–12; ECF No. 13-2, ¶¶ 14–15. In March

---

[1] The background facts in this Order are drawn from Plaintiff's Complaint and Plaintiff's Application for Entry of Default and Judgment Against Defendant. ECF No. 1; ECF No. 13; ECF No. 13-2. Due to the Clerk of Court's entry of default against Defendant, the Complaint's allegations are deemed admitted. *See Olcott v. Del. Food Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

1

2022, Plaintiff learned that Defendant had "'lost' the Powderhorn Project to a different purchaser . . . [and] demanded repayment of [the] $200,000 loan." ECF No. 13-2, ¶ 16.

On May 22, 2023, Plaintiff filed her Complaint, asserting four claims: (1) breach of contract and negotiable instrument; (2) breach of the implied covenant of good faith and fair dealing; and, in the alternative, (3) unjust enrichment; and (4) promissory estoppel. ECF No. 1 at 7–14. On May 26, Plaintiff, through a process server, served Defendant, through a registered agent, with a copy of the summons, Complaint, and exhibits. ECF No. 9 at 1. To date, Defendant has failed to respond. ECF No. 13, ¶ 15. Plaintiff therefore filed her motion for default judgment on September 5. *Id.* at 1. Six days later, the clerk's office entered the Entry of Default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 14.

## II.   LEGAL STANDARD

A court may enter default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). "A party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Villanueva v. Acct. Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015) (internal quotations omitted). "Strong policies favor resolution of disputes on their merits," and thus a district court should only enter default judgment "when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (citations and quotations omitted).

To grant a default judgment, a court must first determine that it has both subject-matter jurisdiction over the action and personal jurisdiction over each defaulting

defendant. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). It then must evaluate whether the plaintiff's pleadings support a judgment on the claims alleged. *Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016). The complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citations and quotations omitted); *see also Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) ("[I]t remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (internal quotations omitted)). Courts must accept as true well-plead factual allegations in the complaint and any attendant affidavits or exhibits. *Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *5 (D. Colo. 2015) ("[U]ndisputed facts from the complaint and supporting affidavits are taken as true for purposes of analyzing [motions for entry of default judgment].").

If the plaintiff fails to allege facts in support of a claim, the plaintiff cannot prevail on default judgment on that claim. *See Behav. Analyst Certification Bd., Inc. v. Solis*, No. 21-cv-02131-NYW-STV, 2022 WL 17736781, at *2 ("There must be a sufficient basis in the pleadings for the judgment entered." (citations and quotations omitted). The plaintiff's burden is akin to the one borne by a party opposing a Rule 12(b)(6) motion. *See Magic Carpet*, 2015 WL 4237950, at *5; *see also Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (per curiam) ("The requisite factual showing for a default judgment is similar to the factual showing necessary to survive a motion to dismiss for failure to state a claim."). A plaintiff who sufficiently alleges facts in support of a claim must also establish their damages by "adequately reflect[ing] the basis for the award as

3

supported by the evidence in the record." *Behav. Analyst Certification Bd.*, 2022 WL 17736781, at *2.

### III.   ANALYSIS

The Court addresses each inquiry—(A) whether jurisdiction exists and (B) the sufficiency of Plaintiff's allegations—in turn.

#### A.   Jurisdiction

To enter default judgment, a court must have both subject-matter jurisdiction over the action and personal jurisdiction over the defaulting defendant. *See Williams*, 802 F.2d at 1203. The Court analyzes each below, concluding that both are satisfied.

##### 1.   *Subject-Matter Jurisdiction*

Plaintiff asserts that the Court has subject-matter jurisdiction pursuant to Colo. Const. art. VI, § 9. ECF No. 1 at 2. The Court disagrees. Article VI, § 9 governs district court jurisdiction for state-level courts; this section does not grant federal courts subject-matter jurisdiction. It is axiomatic that a federal court has subject-matter jurisdiction only over actions where there is either a federal question at issue or diversity between the parties. *See* 28 U.S.C. §§ 1331, 1332. Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the controversy "is between citizens of different States." 28 U.S.C. § 1332(a)(1).

Defendant is a Wyoming limited liability corporation. ECF No. 1, ¶ 2. The citizenship of an LLC is determined by the citizenship of each of its members. *Gwilt v. Harvard Square Ret. & Assisted Living*, 537 F. Supp. 3d 1231, 1245 (D. Colo. 2021). Defendant's sole members are Joselyne Williams and Kristian Gustavson, both of whom

are domiciled in California. ECF No. 13-2, ¶ 4. Plaintiff, meanwhile, is a resident of Florida. ECF No. 1, ¶ 1. Although Plaintiff does not assert subject-matter jurisdiction under the correct authority, the parties are diverse as required by § 1332.

Plaintiff must also establish that the amount in controversy exceeds $75,000. *Id.* Here, Plaintiff seeks to recover her damages resulting from Defendant's breach of contract and breach of the covenant of good faith and fair dealing, including the $200,000 she paid to Defendant, as well as consequential damages and reasonable attorney fees. ECF No. 1 at 14–15. Accordingly, the matter in controversy exceeds $75,000, and the Court concludes that it has subject-matter jurisdiction pursuant to § 1332.

### 2. Personal Jurisdiction

A plaintiff "bears the burden of establishing personal jurisdiction over the defendant." *Rambo v. Am. S. Ins. Co*, 839 F.2d 1415, 1417 (10th Cir. 1988) (citations and quotations omitted). However, "the plaintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997).

To analyze personal jurisdiction in federal court, a court must determine (1) the adequacy of the service, including "whether any applicable statute authorizes the service of process on Defendant[]" and (2) "whether the exercise of such statutory jurisdiction comports with constitutional due process demands." *Dudnikov v. Chalk & Vermilion Fine Arts. Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Plaintiff has satisfied these jurisdictional requirements.

a. *Service of Process*

"The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant." *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015). Where, as here, Defendant is an LLC, ECF No. 13 at 1, service may be accomplished "by delivering a copy of the summons and of the complaint to . . . any . . . agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Service may be perfected by certified mail if an entity's registered agent cannot with reasonable diligence be served. *See* C.R.S. § 7-90-704(2).

Plaintiff establishes that a copy of the summons and Complaint were served on Defendant by a process server at the LLC's Registered Agent's office. ECF No. 9 at 1. The Court, therefore, finds that Plaintiff satisfied Rule 4(h).

b. *Due Process*

"The assumption of personal jurisdiction over a non-resident defendant . . . involves a two-step inquiry. First, the defendant must be amenable to service of process under the forum state's long arm statute . . . Second, the exercise of jurisdiction must comport with due process." *Allison v. Wise*, 621 F. Supp. 2d 1114, 1117 (D. Colo. 2007) (internal citations omitted). "Because the Colorado long-arm statute extends personal jurisdiction within the state as far as the federal constitutional requirements of due process permit . . . the analysis collapses into a single inquiry as to whether the requirements of due process are satisfied." *Id.* (citing *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002)).

To satisfy due process, the "defendant must have sufficient 'minimum contacts' with the forum state . . . 'Minimum contacts' may be analyzed in terms of specific jurisdiction or general jurisdiction." *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Courts may use general jurisdiction "only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021). Specific jurisdiction can be found when a defendant "purposefully avails itself to the privilege of conducting activities within the forum state.' The contacts must be the defendant's own choice . . . [plaintiffs] must show that the defendant deliberately 'reached out beyond' its home—by, for example . . . entering a contractual relationship centered there." *Id.* "If sufficient minimum contacts exist [it] must [be] determine[d] . . . whether the exercise of personal jurisdiction over the non-resident defendant 'would comport with "fair play and substantial justice."'" *Allison*, 621 F. Supp. 2d at 1117 (citing *Int'l Shoe Co.*, 326 U.S. at 316).

Plaintiff alleges that Defendant "solicited and entered into contracts in Colorado"; "marketed, sold[,] and solicited loans pursuant to real estate investment opportunities offered in . . . Colorado"; and "this litigation arises out of Defendant's Colorado forum-related contacts because conduct . . . occurred and[] harmed Plaintiff in . . . Colorado." ECF No. 1, ¶ 4. Here, specific jurisdiction is satisfied because Defendant's contacts with the forum state, via the investment agreement for real estate property located in Colorado, directly relates to Plaintiff's claim of breach of the investment agreement. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985) ("[W]ith respect to interstate contractual obligations . . . parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and

7

sanctions in the other State for consequences of their activities." (quoting *Travelers Health Assn. v. Virginia*, 339 U.S. 643, 647 (1950)).

Whether assuming personal jurisdiction over a defendant is reasonable, relevant factors to the analysis include:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

*Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006). There is no inherent burden on Defendant, and Defendant purposefully availed itself to the benefits of the forum state via the executed Promissory Note. *See* ECF No. 1-1 at 6–12. Further, Colorado "generally has a 'manifest interest' in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors." *Burger King*, 471 U.S. at 473 (citations omitted).

The Court finds that assuming personal jurisdiction over Defendant is reasonable here. The Court now proceeds to the second step in its analysis.

### B. Default Judgment

The Court must decide "whether the unchallenged facts constitute a legitimate cause of action" such that judgment should be entered. *Bixler*, 596 F.3d at 762 (quotation omitted).

#### 1. Breach of Contract

A plaintiff is not entitled to a default judgment on a breach of contract claim if the complaint lacks specific allegations substantiating each element the claim. *See Jones v. Marquis Props., LLC,* 212 F. Supp. 3d 1010, 1015–19 (D. Colo. 2016). To establish a claim for breach of contract, a plaintiff must allege "(1) the existence of a contract; (2)

8

performance by the plaintiff or some justification for its nonperformance; (3) the defendant's failure to perform the contract; and (4) damages." *Zurich Am. Ins. Co. v. Dillon Cos., LLC*, 595 F. Supp. 3d 1003, 1007 (D. Colo. 2022) (citing *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992)). "The 'performance' element in a breach of contract action means 'substantial' performance." *W. Distrib. Co.*, 841 P.2d at 1058. "Substantial performance occurs when, 'although the conditions of the contract have been deviated from in trifling particulars not materially detracting from the benefit the other party would derive from a literal performance, [the defendant] has received substantially the benefit he expected.'" *Id.* (citation omitted).

Here, Plaintiff alleges the existence of a written contract—the Promissory Note—between the parties, which demonstrates that Plaintiff is an investor and agreed to pay $200,000 to Defendant as an investment in Colorado property. ECF No. 1 at 3–5; ECF No. 1-1 at 2, 6–12. Plaintiff next alleges her performance of the contract, ECF No. 1 at 5–6, and establishes Defendant's acknowledgment of Plaintiff's performance. ECF No. 1-1 at 16 ("[I]n order for [Defendant's sole members] to return [Plaintiff's] original investment plus interest, [Defendant's sole members] need a little more time."). Plaintiff satisfies the third requirement by alleging that Defendant has failed to repay her loan. *See id.*; ECF No. 1 at 7. Plaintiff, finally, has alleged damages resulting from Defendant's breach of contract. ECF No. 1 at 7–15.

Because Plaintiff has pleaded unchallenged facts showing (1) the existence of a contract, (2) Plaintiff's performance, (3) Defendant's failure to perform, and (4) alleged damages, Plaintiff has substantiated each material element of her claim.[2] As a result of

---

[2] Because the Court has already established that Plaintiff has sufficiently pleaded her breach of contract claim, an analysis under the implied covenant of good faith and fair dealing is unnecessary. *Goodson v.*

Defendant's breach, Plaintiff claims damages of $200,000 in principal, 20% interest per annum[3] "plus 4 points" in the amount of $8,000, expectation damages "for a 'Projected Payback' of 181% return on [the investment] in the amount of $46,866.50, and "[r]easonable attorney's fees and costs of $21,750 to date, as required by the parties' contract[] for prosecuting these claims." ECF No. 13-2 ¶5 (F); ECF No. 13-4 at 2. Having reviewed the Promissory Note and the facts asserted by Plaintiff, the Court finds that judgment for these amounts is appropriate.[4]

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Application for Entry of Default and Judgment Against Defendant Skyline Destinations, LLC, ECF No. 13, is GRANTED. The Court ORDERS the following:

---

*American Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 414 (Colo. 2004) (describing that in bilateral contracts, a breach of the covenant "will only result in damages for breach of contract and will not give rise to tort liability."). Additionally, the Court need not consider Plaintiff's alternative claims because it has already determined that Plaintiff has sufficiently pleaded her breach of contract claim.

[3] Plaintiff's pleadings contain several inconsistencies—or typos—such as: (1) *compare* ECF No. 1-1 at 7 (revealing the parties agreed upon interest rate of "20% per annum plus 4 points."), *with* ECF No. 13-2 at 6 (revealing Plaintiff's representation of the interest rate as "25% per month."); and (2) *compare* ECF No. 13-4 at 2 (describing the amount of Plaintiff's loan as $200,000), *with* ECF No. 13-4 at 2 (describing the amount of Plaintiff's loan as $20,000). Inconsistencies will be resolved in favor of the executed Promissory Note provided by Plaintiff. *See* ECF No. 1-1 at 6–12; *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1144 (10th Cir. 2023) ("Under Colorado law, the primary goal of contract interpretation is to determiner and give effect to the intent of the parties . . . When a document is unambiguous, it cannot be varied by extrinsic evidence." (citations and quotations omitted)). The promissory note unambiguously reveals that the agreed-upon interest rate was 20% and the loan amount was $200,000. *Id.*

[4] Within her proposed order, Plaintiff also requests the Court to grant: (1) "placing this matter at issue and allow[ing] the commencement of discovery and the issuance of subpoenas"; (2) "[g]ranting leave to add additional defendants, file written consent forms, or any other method approved by the Court"; and (3) "[g]ranting leave to amend to add claims under applicable laws." Plaintiff's additional requests are improper in this posture and will thus not be granted. CNS Civ. Practice Standard 7.1A(a)(5) ("All requests for the Court to take distinct actions must be contained in separate, written motions. For instance, if a party seeks to move to dismiss and stay discovery pending the motion to dismiss, the party must file two separate motions."); *see also* Fed. R. Civ. P. 15.

1. Default judgment against Defendant in the amount of $316,616.50 consisting of:

    a. Repayment of Plaintiff's $200,000 loan plus 20% interest and four points in the amount of $248,000;

    b. Expectation damages in the amount of $46,866.50; and

    c. Reasonable attorney's fees and costs in the amount of $21,750.

2. The Clerk of the Court is directed to enter final judgment in favor of Plaintiff in the amount of $316,616.50.

3. Plaintiff is awarded post-judgment interest on the foregoing sums from the date judgment is entered at the rate set by 28 U.S.C. § 1961.

Dated this 14th day of March 2024.

BY THE COURT

_____
Charlotte N. Sweeney
United States District Judge